

FILED
Nov 15, 2019
01:30 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kevin Judy | ) | Docket No. 2018-01-0756 |
| | ) | |
| v. | ) | State File No. 30496-2017 |
| | ) | |
| Covenant Transport, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee, a truck driver, alleged suffering work-related injuries to his wrists while working for the employer, a trucking company. The employee admitted giving notice of his alleged November 2016 work injuries in April 2017 and, further, admitted attending an unauthorized medical evaluation for his wrists in February 2017. His petition for benefits was filed in October 2018, which the employer claimed was more than one year after its last voluntary payment of benefits. The trial court granted the employer's motion for summary judgment and dismissed the case as untimely. The employee has appealed. We affirm the trial court's decision and certify as final its order dismissing the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley joined. Judge Timothy W. Conner did not participate.

Kevin Judy, Orlando, Florida, employee-appellant, pro se

Gary Napolitan, Chattanooga, Tennessee, for the employer-appellee, Covenant Transport, Inc.

### Factual and Procedural Background

Kevin Judy ("Employee"), a forty-nine-year-old resident of Orlando, Florida, worked for Covenant Transport, Inc. ("Employer"), as a truck driver. On or about November 25, 2016, his last day of employment with Employer, Employee allegedly suffered pain in both wrists while driving. He did not report his purported injuries to Employer until nearly five months later on April 19, 2017. In the interim, Employee was

evaluated by his primary care provider in February 2017, at which time he complained of pain in both wrists that he related to his work activities.

Employer asserted it never paid for or authorized any medical treatment related to Employee's alleged wrist injuries, but did admit it paid two prescription bills inadvertently, the last payment for which was issued on September 1, 2017. Employee filed his petition for benefits more than one year later on October 23, 2018.

Thereafter, Employer filed a motion for summary judgment, asserting that Employee failed to provide timely notice of his claim and failed to file his petition within the applicable limitations period. In support of its motion, Employer provided affidavits from representatives of both Employer and Employer's workers' compensation administrator, each of whom denied receiving notice of Employee's claim prior to April 2017 and further denied paying any benefits after September 1, 2017.

Employee filed a response admitting that he informed his primary care provider in February 2017 that he believed his wrist pain was related to his work. He also admitted reporting the claim to Employer on April 19, 2017. With respect to Employer's assertion that it last paid a medical bill on September 1, 2017, Employee argued his medical providers had received payment for services related to his alleged work injury as late as November 20, 2017, from a company called Unified Health Services. According to Employee, his petition for benefits was filed within one year of the date of the last payment for medical services and was thus timely. In response, Employer denied that it had any relationship with a company called Unified Health Services.

The trial court granted Employer's motion for summary judgment and dismissed the case. The court concluded Employer had successfully negated an essential element of Employee's claim in showing that the last voluntary payment of benefits occurred on September 1, 2017, more than one year prior to the filing of Employee's petition for benefits. The court further concluded that Employee had not come forward with sufficient evidence to create an issue of material fact regarding the timeliness of his petition because there was no evidence that Unified Health Services acted as an agent for Employer in issuing payments to Employee's medical providers. Employee has appealed.

**Standard of Review**

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter

2

of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Tennessee's Workers' Compensation Law sets out the limitations period in cases where an employer has voluntarily provided workers' compensation benefits as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann. § 50-6-203(b)(2) (2019). In the present case, it is undisputed that Employee's alleged injury occurred on or about November 25, 2016, and that the petition for benefits was filed on October 23, 2018. Consequently, unless Employer made a voluntary payment of benefits within one year preceding the filing of the petition on October 23, 2018, the petition is untimely and must be dismissed.

Employer submitted affidavits from representatives of Employer and its workers' compensation carrier stating that no payment was made on Employee's claim after September 1, 2017. Thus, Employer properly supported its motion for summary judgment by coming forward with evidence that Employee's petition was untimely. Pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure, the burden of production shifted to Employee to show there is a genuine issue of material fact as to the timeliness of his petition. Employee submitted what purports to be a statement from his medical provider documenting receipt of payments for medical services from April 20, 2017 through November 20, 2017. The statement further indicates that a payment was received from Unified Health Services as late as April 13, 2018. Employee's submission falls short, however, of establishing any relationship between the purported payor, Unified Health Services, and Employer or its workers' compensation administrator.

3

Employee submitted no evidence that Unified Health Services acted as an agent for Employer or its workers' compensation administrator. In short, there is no proof that Employer or its workers' compensation administrator issued a voluntary payment of benefits on Employee's claim after September 1, 2017.

Like the trial court, we conclude Employee has not come forward with sufficient evidence to create a genuine issue of material fact regarding the timeliness of his petition. The evidence in the record supports the trial court's conclusion that Employer last issued a voluntary payment of benefits on September 1, 2017, and that Employee's petition was not filed until more than one year later. Accordingly, pursuant to Tennessee Code Annotated section 50-6-203(b)(2), Employee's petition was untimely.[1]

## Conclusion

For the foregoing reasons, the trial court's order is affirmed and certified as final. Costs on appeal are taxed to Employee.

---

[1] As a result of our determination on the timeliness issue, all other issues raised by Employee in his brief and notice of appeal are pretermitted.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Kevin Judy | ) Docket No. 2018-01-0756 |
| | ) |
| v. | ) State File No. 30496-2017 |
| | ) |
| Covenant Transport, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of November, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kevin Judy | | | | X | kevinsjudy@gmail.com |
| Gary Napolitan Lisa Sizemore | | | | X | gary.napolitan@leitnerfirm.com lisa.sizemore@leitnerfirm.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov